John **WIERZBICKI**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

June 2, 1972.

Richard Allen Paul, Asst. Public Defender, Wilmington, for appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court. The appellant was indicted for assault with intent to commit murder, kidnapping, rape and possession of a firearm during the commission of a felony. He was acquitted of the charge of assault with intent to commit murder and found guilty of simple assault. He was found guilty of the other charges, but a recommendation of mercy was returned by the jury upon the verdict of guilty as to rape. The appellant was sentenced on the charge of simple assault to three years; on the charge of kidnapping, to life imprisonment (the mandatory sentence under the statute); on possession of a firearm during the commission of a felony, to five years, and on the charge of rape, with a recommendation of mercy, to three years.

The appellant appeals and seeks a new trial on the charge of kidnapping.

In September, 1970, one month after the victim had separated from her former husband, the appellant and the victim commenced cohabiting together. This relationship continued until May 8, 1971, when the appellant moved out of the victim's apartment.

On the evening of June 1, 1971, the victim went to a tavern with a girlfriend to talk to another male friend of hers. She arrived at the tavern about 10:30 p. m. She left the tavern with her two friends and took her girlfriend home where the three of them stayed for about an hour. She then drove her male friend back to the parking lot of the tavern where she dropped him off at his car. She then proceeded in her 1971 Mustang away from the tavern. After she had traveled about half a block, the defendant came out of the trunk of her Mustang and told her to pull over. Apparently, in this type of car there is a means of exit from the trunk into the passenger section.

The appellant had a pistol in his hand when he ordered her to pull over. She pulled over to the side of the road. After she had moved from behind the wheel to the passenger side, the appellant got into the driver's seat. He pointed the gun at her head and told her he was going to kill her.

Thereafter, for about an hour, the appellant drove the victim's car, with her in it, to various locations in New Castle County, winding up in an area south of New Castle called Bellanca Beach. During this time, according to the victim's testimony, he kept the pistol in his left hand. She testified that she was frightened. At Bellanca Beach he forced her to undress and then had sexual intercourse with her.

Ultimately, after she had resumed her clothing, he shot her through the chest and then immediately bundled her into the car and took her to a hospital where she was treated and eventually recovered.

At trial, appellant's counsel announced that he would argue the doctrine of "diminished responsibility" with respect to the element of intent on the charge of assault with intent to commit murder, and would produce medical testimony to support this theory. Over objection by the State, the Trial Judge agreed to accept the testimony

on the ground that every defendant had the right to show that his act was prompted by a type of passion which would reduce murder to manslaughter.

The appellant called as defense witnesses a psychiatrist and a clinical psychologist, both of whom testified substantially to the same effect that the appellant, when he was in a situation of stress, suffered an impairment of his ability to use common-sense; that his emotional control was below normal, and that emotionally provoking situations could engender impulsive behavior on his part.

Presumably, the jury must have accepted the testimony of these two doctors since it acquitted him of the charge of assault with intent to murder, and found him guilty of simple assault.

Appellant's counsel did not request any instructions on this point from the Trial Judge, and no specific instruction was given concerning the testimony of the doctors. The Trial Judge did instruct the jury as to the necessity of finding the requisite intent on the part of the appellant to commit the acts with which he was charged.

■ The only issue raised by this appeal is whether or not the appellant is entitled to a new trial on his conviction of kidnapping. It is to be noted that neither doctor expressed an opinion as to the appellant's stability in connection with the charge of kidnapping. Their testimony related solely to the activities of the appellant on Bellanca Beach following the consummation of the rape. We think, therefore, that the argument made in behalf of the appellant before us, to the effect that the doctrine of diminished responsibility is a valid matter for our trial courts to inquire into, has no relation whatsoever to the charge of kidnapping, of which he was convicted. We therefore think that we must affirm the conviction of kidnapping and we will do so.

The above conclusion means that the propriety of accepting the doctors' testimony as a basis for the application of the doctrine of diminished responsibility is not squarely before us, and we therefore should not express an opinion or make a ruling on the propriety of such a doctrine in Delaware law.

■ We feel required, however, to suggest to the trial courts that the applicability of the doctrine of diminished responsibility in Delaware law should be thoroughly considered before evidence in support of it is accepted as a matter of course. A recent annotation, 23 A.L.R.3d 1228, collects the cases in other States concerned with this doctrine. From that annotation it appears that some States reject entirely evidence offered to support the doctrine of diminished responsibility. The theory behind the rejection of such evidence is that when the jurisdiction is committed to the rule of M'Naghten's Case (1843) 10 Clark & F 200, 8 Eng.Reprint 718, any evidence which does not rise to the height of the *M'Naghten* rule is not admissible before a jury on a plea of not guilty. These cases hold that the defense of insanity is an all-or-nothing proposition, and a defendant must either establish his insanity as a complete defense or be held to full responsibility for his acts.

On the other hand, an apparent majority of those States ruling upon the question permit the acceptance of such evidence to determine the grade or degree of the offense charged, or for the purpose of fixing the punishment to be imposed upon the finding of guilt.

As we have said, the question of the admissibility of such evidence is not squarely before us because no such evidence was offered in connection with the charge of kidnapping. We think, however, that since this question is apparently a novel one in this State, which has long been committed to the *M'Naghten* rule, and since there was no formal defense of insanity filed in the appellant's case, the question should be thoroughly considered before the practice is established for all criminal prosecutions

of accepting such evidence which admittedly would not support the defense of insanity under the law of Delaware.

We have reviewed the record in this appeal and if the jury accepted, as it apparently did, the testimony of the victim, there is no doubt that the State proved the necessary elements of the crime of kidnapping.

The conviction below of kidnapping is affirmed.