**Charles R. DERRICKSON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1978.

Decided Feb. 16, 1979.

L. Vincent Ramunno, Wilmington, for defendant-appellant.

Kenneth R. Abraham, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY, J., and HARTNETT, Vice Chancellor.

PER CURIAM:

This is an appeal from the denial of defendant's motion under Superior Court Criminal Rule 35 for postconviction relief. A brief recitation of the history of the case is necessary for an understanding of the nature of the appeal and the result we reach.

Charles R. Derrickson (defendant) was convicted of first-degree murder by a Superior Court jury on April 23, 1973 and, on appeal, this Court affirmed. *Derrickson v. State*, Del.Supr., 321 A.2d 497 (1974). Shortly thereafter, defendant filed a *pro se* petition in the United States District Court for the District of Delaware for a writ of Habeas Corpus, raising the same issues presented to this Court. The petition was dismissed by the District Court, but with leave to amend to include a new issue. *Derrickson v. Anderson*, D.Del., Civ.A.No. 74–149 (Slip Opinion, August 29, 1974). With the assistance of counsel, defendant resubmitted the petition, restating the grounds previously alleged and alleging a number of new grounds. The District

Court dismissed the petition to the extent that it was based on grounds submitted previously and denied relief on the new grounds because defendant had not exhausted his available state remedies. *Derrickson v. Vaughn,* D.Del., Civ.A.No. 77–441 (Slip Opinion, December 27, 1977).

This appeal concerns defendant's pursuit of the new grounds through available state remedies. After the District Court had dismissed defendant's petition, he filed the Rule 35 motion in Superior Court, alleging most of the new grounds raised in the District Court. Without holding a hearing, the Superior Court issued a one-page opinion and order denying the motion.* *Derrickson v. State,* Del.Super., Cr.A.No. 221, 1971 (February 2, 1978). From that decision defendant has appealed.

\*　　\*　　\*　　\*　　\*　　\*

We remand the case to the Superior Court for a more comprehensive consideration of the issues raised in defendant's motion and a statement of the basis for the ruling on each issue. Specifically, the Court shall announce which issues, if any, are governed by prior rulings of this Court, the Superior Court and/or by the District Court, and which are new issues. As to each new issue, the Court shall distinguish any issue which requires a hearing for determination from those which do not and shall state the reason why defendant is not entitled to a hearing on a particular issue (if any there be). Finally, the Court shall hold a hearing on any new issue which requires one and shall thereafter state the reason for its ruling.

We regret the inevitable delay that a remand will cause in this case which is already aged. The interests of justice and judicial administration, however, require

* The Superior Court's opinion reads:

"Most, if not all, of the above defendant's contentions raised in his Rule 35 motion have been rejected either by the Supreme Court of Delaware in *State v. Derrickson,* Del.Supr., 321 A.2d 497 (1974) or by the decision of the U. S. District Court for the District of Delaware in Civil Action No. 74–149.

this result. To minimize the delay, we reserve jurisdiction of this appeal, and limit the remand to a period of forty days, during which time the Trial Court shall make the necessary determinations.

Reversed and remanded.

There was no denial of the defendant's right to a speedy trial because all delays were occasioned by the defense.

Failure to raise the speedy trial issue cannot be said to show ineffective assistance of counsel because the delays caused by the defense can be said to have been good trial strategy.

The defendant's motion is denied.

IT IS SO ORDERED."