George F. SEMICK, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: May 10, 1982.
Decided: June 28, 1982.

cases in light of Chapter 69.

Douglas B. Catts and Charles E. Whitehurst, Jr. (argued), of Schmittinger & Rodriguez, P. A., Dover, for defendant below, appellant.

Gary A. Myers (argued), Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

**PER CURIAM:**

This appeal requires examination of summary denial by the Superior Court of the defendant's Motion for Post-Conviction Relief under Superior Court Criminal Rule 35(a).*

The defendant was convicted in 1975 of Conspiracy in the Second Degree, and of being Accomplice to Robbery in the First Degree; he was sentenced to 4 years and 10 years respectively, the sentences to run concurrently. On appeal to this Court, defendant's conviction was affirmed in 1976, his direct appeal having been limited to an alleged error by the Trial Court in denying his motion to dismiss the accomplice indictment.

On May 15, 1981, the defendant filed the Rule 35(a) motion *pro se*, claiming denial of his constitutional right to effective assistance of counsel at trial. By letter dated May 22, 1981, the Trial Court summarily denied the defendant's motion, holding:

> "The matters which you have raised in your Rule 35(a) motion are matters which, if true, you knew at the time of your trial.
>
> "Since you have waited nearly six years to raise them they will be considered to be *presumptively without merit.*
>
> "Accordingly, your motion is denied." (emphasis supplied)

The defendant appealed to this Court, again *pro se*, whereupon counsel was appointed to represent him. We reverse.

---

\* Rule 35(a) provides:

"RULE 35. CORRECTION OR REDUCTION OF SENTENCE

"(a) Postconviction Remedy. Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. *An application may be filed at any time,* provided, however, that postconviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction. *Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.* If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. The Court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant." (emphasis supplied)

**1184**

■ The Trial Court erred in holding that because 6 years had passed from the end of the trial to the date of filing of the Rule 35(a) motion, the motion was "presumptively without merit." No authority has been brought to our attention supporting that proposition. See *Wierzbicki v. State*, Del.Supr., 405 A.2d 692 (1979).

Indeed, the ruling below amounts to no more than a ruling that lapse of time, alone, is sufficient to defeat a Rule 35 motion. This is contrary to the express language of Rule 35: "An application *may be filed at any time*, provided, however, that post-conviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction." (emphasis added).

The State argues for "a rule of reasonable diligence" in the application of Rule 35(a), this on the basis of Federal Habeas Corpus Rule 9(a).** The contention amounts to the suggestion that we amend Rule 35(a) by retroactive construction. This we decline to do for policy reasons and because Rule 9(a), even by analogy, does not support the position.

Federal Rule 9(a) does not create a conclusive presumption that passage of time, *per se*, renders a motion under it meritless. On the contrary, delay alone is not a bar to federal habeas corpus relief, see e.g., *Hudson v. State*, 361 F.Supp. 1102 (M.D.Ala. 1973), rev'd on other grounds sub nom. *Hudson v. Alabama*, 5th Cir., 493 F.2d 171 (1974); the Government must make a particularized showing of prejudice. *Paprskar v. Estelle*, 5th Cir., 612 F.2d 1003 (1980); cert. denied, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980).

■ The Trial Court also manifestly erred in that its ruling indicates noncompliance with the express requirement of Rule 35(a) that, upon application for post-conviction relief under the Rule, the Court must

make a review of "the files and records of the case" and be satisfied "that the applicant is not entitled to relief," or hold a prompt hearing, upon notice to the Attorney General, and make the requisite findings of fact and conclusions of law. Compare *Derrickson v. State*, Del.Supr., 399 A.2d 202 (1979). The ruling of the Trial Court here clearly indicates failure to comply with the mandate of the Rule.

Accordingly, the cause must be reversed and remanded for strict compliance with the Rule. The remand is limited to a period of 40 days, during which time the Trial Court shall take the required action, make the necessary determinations, and report back on the remand. Jurisdiction is reversed.

\*    \*    \*

Reversed and remanded for proceedings consistent herewith.

---

** Habeas Corpus Rule 9(a) provides:

"RULE 9. DELAYED OR SUCCESSIVE PETITIONS

"(a) Delayed Petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."