George F. SEMICK, Jr., Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 10, 1982.

Decided: Sept. 15, 1982.

Charles E. Whitehurst (argued) of Schmittinger & Rodriguez, P.A., Dover, for appellant.

Gary A. Myers (argued), Deputy Atty. Gen., Georgetown, for appellee.

Before HERRMANN, C.J., and McNEILLY and HORSEY, JJ.

PER CURIAM:

This criminal proceeding for postconviction relief was remanded to Superior Court for reconsideration of its summary denial of an evidentiary hearing based on reasons which this Court ruled to be inadequate as a matter of law. *Semick v. State*, Del.Supr., 447 A.2d 1182 (1982). The Motion Judge, who was also the presiding Judge at trial, has again denied defendant's motion for an evidentiary hearing but only after a review of "the pertinent portions of the transcript as well as other documents related to the case." In a rather detailed letter opinion, the Court has given its reasons for rejecting substantially all of the arguments raised by defendant in support of his claim of ineffective assistance of counsel in violation of his constitutional rights.

We now find the Court to have complied with the procedural requirements of Rule 35(a) and, having done so, we cannot say that the Trial Judge abused his discretion in denying an evidentiary hearing. *See, Derrickson v. State*, Del.Supr., 406 A.2d 405 (1979); *Shy v. State*, Del.Supr., 246 A.2d 926 (1968).

The mere detailing of alleged errors by trial counsel does not necessarily, as a matter of law, divest the Trial Court of discretion reasonably exercised to determine the need for an evidentiary hearing.

\* \* \*

Affirmed.