**Ira Lee SHY, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Sept. 24, 1968.

Richard Allen Paul, Asst. Public Defender, Wilmington, for appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The appellant, in 1963, received two five-year concurrent sentences for burglary (4th degree), and was placed on probation for a period of five years. On August 19, 1966, he received a sentence of three years on a charge of grand larceny; his probation on the two burglary charges was revoked, and he was sentenced to serve the five-year sentences on those charges.

On December 14, 1966, the appellant wrote the Superior Court. His letter was docketed as a motion for reduction of sentence under Criminal Rule 35(b), Del.C. Ann. No action was taken thereafter until present counsel for appellant requested a hearing on the motion on December 8, 1967. On December 13, 1967, the Superior Court, without hearing, denied the motion for reduction of sentence.

In this appeal from the order denying the motion to reduce the sentence, the appellant asserts a single ground for reversal, viz., lack of due process by reason of the failure of the Superior Court to hold a hearing on the motion with counsel present.

■ It is clear by reason of Criminal Rule 43 that it is necessary for a criminal defendant and his counsel to be present at every stage of the trial when the Superior Court is exercising original jurisdiction over the defendant. This requirement embraces the imposition of final sentence following conviction. It was so held in United States v. Behrens, 375 U.S. 163, 84 S.Ct. 295, 11 L.Ed.2d 224.

■ An application for reduction of sentence under Criminal Rule 35(b), however, is outside of the requirement of Criminal Rule 43, for such a motion comes after the imposition of a final sentence. Such a motion is addressed to the discretion of the court.

■ Criminal Rule 35 contains two subsections. Rule 35(a) permits the filing of a motion to correct an illegal sentence. It provides that "unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is not entitled to relief", the court shall hold a hearing on the motion. The meaning is clear to the effect that if, on the face of the papers, the prisoner is not shown to be entitled to relief, the court is not required to hold a hearing, but may deny the motion summarily. This procedure finds implicit approval in United States v. Behrens, supra.

■ Criminal Rule 35(b) permits the filing of a motion for the reduction of a sentence within four months of its imposition. No guidelines similar to those set out in Rule 35(a) are specifically set forth in Rule 35(b), but we think a Rule 35(b) motion to reduce may not rise any higher than a Rule 35(a) motion to correct. The Rule 35(a) guidelines are by implication incorporated in Rule 35(b).

■ It follows, therefore, that a motion under Criminal Rule 35(b) is addressed to the discretion of the court, and if the moving papers fail to make some showing for relief, the motion, in the discretion of the court, may be denied without hearing. In the case before us, it is clear that the court properly exercised its discretion in denying the motion summarily without hearing. There is no failure of due process.

The judgment below is affirmed.