**Louis C. WHITE, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted April 16, 1979.

Decided June 21, 1979.

L. Vincent Ramunno, Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before *McNEILLY*, *QUILLEN* and HORSEY, Justices.

HORSEY, Justice:

This appeal concerns a motion for post-conviction relief filed under Superior Court Criminal Rule 35.

In 1974 defendant was tried and convicted by a Superior Court jury of rape, a Class A felony, and sentenced to life imprisonment. Following a prior appeal to this Court, defendant's conviction was reduced to Class B rape, a felony, and defendant was resentenced for a term of 30 years.

In 1977 defendant petitioned the United States District Court for Delaware for a writ of habeas corpus, which was denied and the denial affirmed in 1978 by the United States Court of Appeals for the Third Circuit.

The present appeal by defendant is based on the Superior Court's denial of his Rule 35 motion for postconviction relief filed in 1978 on the grounds that his constitutional rights were violated in three respects in his 1974 trial: (*one*) a witness for defendant was brought in handcuffs into the courtroom escorted by Delaware Correctional guards; (*two*) several jurors were asleep during the trial; and (*three*) a newspaper containing a story of the trial was found in the jury room.

The motion, though suggesting issues of fact as to what allegedly occurred in the course of the trial four years earlier, was not verified and supported by affidavits or by references to the trial record.

The Court[1] dismissed the application as to the first two grounds for failure of defendant to make a threshold showing of entitlement to relief but granted a non-evidentiary hearing as to the third ground. The Court determined that an evidentiary hearing was not necessary because the question of the presence of the newspaper in the jury room had been "dealt with at trial" and was already a matter of record.

I

Defendant claims abuse of discretion by the lower Court in not granting a hearing

1. The motion judge was also the judge who presided at the 1974 trial.

under Rule 35 as to the first two above-stated grounds for postconviction relief. The Court's reason for denial was that defendant's grounds, though "factual in nature, are insufficiently set forth and not supported by affidavit or records so as to permit the Court to make [the required initial] determination with respect to a hearing . . . ."

■ We find no abuse of discretion in the Court's summary disposition of the first two grounds. See *Shy v. State,* Del.Supr., 246 A.2d 926 (1968). As stated in *Shy,* "The meaning of [Rule 35] is clear to the effect that if, on the face of the papers, the prisoner is not shown to be entitled to relief, the Court is not required to hold a hearing, but may deny the motion summarily."

Further, we find that defendant has disregarded the record in stating that there was no record to refer to as to either ground. To the extent that the trial record relates to the question presented of the manner in which defendant's witness was brought into the courtroom, it would appear from the record that this did not occur within the presence of the jury and that the trial judge did so for the express purpose of attempting "to avoid any showing to the jury of [the witness's] current status . . ."

Defendant, not the Court, has abused the Rule in failing to provide the Court with anything more than counsel's undocumented assertions as to what occurred at trial nearly four years ago.

## II

As to the third ground, the presence in the jury room of a newspaper containing an article-account of the trial in progress, the Court, after further hearing, concluded that defendant was not thereby denied a fair trial by reason of the Trial Judge's voir dire investigation and the Court's determination by way of review of the record that no prejudice resulted to defendant.

The Court stated:

"The Court is satisfied that the interrogation of the jurors [individually in chambers], as demonstrated by the transcript thereof, was sufficiently thorough to exclude any possibility of prejudice to the defendant, directly or indirectly. None of the jurors had read the article, only one of the jurors had even read the headline.[2]

The defendant argues certain assumptions which the Court cannot accept as valid. For example, that the paper was so folded that it was obvious that it had been read by someone in the jury room. Instead, the Court must assume, absent any showing to the contrary, that the jurors were truthful and forthright in their responses in their individual interrogations.

Finally, it is to be noted, that the article in question, a copy of which was attached to the opening brief of the defendant, was in no way prejudicial to the defendant. It merely recounted a portion of the testimony and comments of counsel which had been presented to the jury on the previous day. These matters were presented in the article without embellishment or editorial comment or emphasis. The cases cited by counsel wherein the Court, in the exercise of its discretion, set aside verdicts and granted new trials are all distinguishable factually."

■ The presence in the jury room of the newspaper required the Court to determine whether defendant's right to a fair trial had been prejudiced but in and of itself did not require the Court to declare a mistrial or compel the conclusion that the article had been read by one or more jurors, as defendant contends. See *Deramus v. State,* No. 73, 1977, decided June 20, 1978, in which this Court stated, "Denial of a motion for mistrial on the grounds of extraneous matter is not an abuse of discretion, if the Trial Court takes care to ascertain whether prejudice to defendant resulted therefrom. See 2 *Wright, Federal Practice and Procedure, Criminal,* § 554."

The Court's voir dire of each member of the panel separately in chambers in the

2. The headline stated only, "Alleged rape of retarded woman told".

presence of counsel was properly conducted, thorough and not prejudicial to defendant and in compliance with guidelines previously set forth by this Court in *Smith v. State,* Del.Supr., 317 A.2d 20, 23 (1974).

Since the Handbook for Petit Jurors which is routinely provided jurors in the Superior Court contains a direction against reading about the case in the newspapers, it is more reasonable to infer that the jurors complied with the mandate of the Handbook rather than disobeyed it and lied, as defendant contends, and their testimony by voir dire refutes the latter. *State v. Smith,* supra.

■ The Court's determination that no member of the panel had read the news article is supported by the record; and this Court will not substitute its judgment for that of the Court or Trial Judge as to the truthfulness of the jurors' responses to his questions and his conclusion that the jury's impartiality had not been impaired.

We affirm the Court's finding that defendant was not denied a fair trial and hence not entitled to relief under Rule 35.

AFFIRMED.