TERRELL TWYMAN, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 246, 2009.
Supreme Court of Delaware.
Submitted: August 19, 2009.
Decided: November 3, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 3rd day of November 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Terrell Twyman, filed this appeal from the Superior Court's December 4, 2008 denial of his motion for modification of sentence under Superior Court Criminal Rule 35(b) ("Rule 35(b)"). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In September 2001, Twyman pled guilty to charges of Murder in the Second Degree and Possession of a Firearm during the Commission of a Felony. On March 15, 2002, Twyman was sentenced to thirty years at Level V suspended after twenty-two years for one year at Level IV and five years at Level III.
(3) On April 5, 2002, Twyman filed a timely motion for modification of sentence pursuant to Rule 35(b).[2] Twyman sought a modification of sentence based on his need for rehabilitation, the length of his sentence, the time he had already served, and the needs of his family. By order dated April 16, 2002, the Superior Court denied the motion on the bases that the sentence was appropriate, and that Twyman had not demonstrated that a reduction or modification of sentence was warranted.
(4) On October 16, 2008, Twyman filed a second, untimely, motion for modification of sentence. Again, Twyman sought a modification of sentence based on the length of his sentence, his need for rehabilitation, and the needs of his family.
(5) By order dated December 4, 2008, the Superior Court denied Twyman's second motion for modification of sentence. The Superior Court concluded that the sentence was imposed pursuant to a plea agreement and was otherwise appropriate, and that the untimely motion was without justification[3] and repetitive.[4] On appeal, Twyman asks this Court to consider whether the sentence "continues to be appropriate" in view of his good conduct and the progress he has made with rehabilitation.
(6) This Court reviews the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[5] Having carefully reviewed the parties' positions on appeal, we can discern no error or abuse of discretion in the Superior Court's denial of Twyman's second motion for modification of sentence as untimely filed without justification and repetitive.
NOW, THERFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] See Del. Super. Ct. Crim. R. 35(b) (providing that "[t]he court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.").
[3] See id. (providing that "[t]he court will consider an application made more then 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217.").
[4] See id. (providing that "[t]he court will not consider repetitive requests for reduction of sentence.").
[5] Hickman v. State, 2003 WL 22669335 (Del. Supr.) (citing Shy v. State, 246 A.2d 926, 927 (Del. 1968)).