IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW J. HEWETT, | § | |
| | § | No. 336, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1305025261 |
| Appellee. | § | |

Submitted: August 6, 2014
Decided: October 7, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

**O R D E R**

This 7th day of October 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)    The appellant, Matthew J. Hewett, filed this appeal from the Superior Court's order dated June 2, 2014, denying his motion for reduction of sentence. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Del. Supr. Ct. R. 25(a).

(2)     The record before us reflects that, on January 7, 2014, Hewett pled guilty to Burglary in the Second Degree, Drug Dealing, Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), and Offensive Touching of a Law Enforcement Officer.  On March 21, 2014, Superior Court sentenced Hewitt to a total of twenty years at Level V suspended after three years for one year at Level IV suspended after six months for four years at Level III.[2]

(3)     On May 19, 2014, Hewett filed a motion for reduction of sentence under Superior Court Criminal Rule 35(b).  Hewett sought leave to serve the non-suspended portion of his sentence at the Level IV Plummer Center instead of at Level V incarceration.  In support of his request, Hewett cited his acceptance of responsibility, his desire to be a productive citizen and family member, and over-crowding at the prison.  By order dated June 2, 2014, the Superior Court denied the motion as without merit.  This appeal followed.

(4)     When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to

---

[2] Specifically, Hewett was sentenced as follows:  Burglary in the Second Degree – eight years at Level V suspended after two years for one year at Level IV suspended after six months for one year at Level III; Drug Dealing – eight years at Level V suspended after one year for one year at Level III; PDWBPP – three years at Level V suspended for one year at Level III, and Offensive Touching of a Law Enforcement Officer – one year at Level V suspended for one year at Level III.

2

decide whether to alter its judgment.[3] This Court will not interfere with the Superior Court's denial of a motion for reduction of sentence unless it is shown that the sentence imposed was beyond the maximum authorized by law or was the result of an abuse of discretion by the sentencing judge.[4]

(5)    Having carefully considered the parties' positions on appeal and the Superior Court record, we find no abuse of discretion or error of law in the Superior Court's denial of Hewett's motion for reduction of sentence. Hewett does not allege, and the record does not reflect, that he was sentenced beyond the maximum authorized by law.[5] Moreover, as the Superior Court observed in its order denying the motion for reduction of sentence, although Hewett's aspirations are commendable, they do not serve as a basis to compel a sentence reduction.[6]

---

[3] Del. Super. Ct. R. 35(b); *Rondon v. State*, 2008 WL 187964 (Del. Jan. 15, 2008) (citing *Mayes v. State*, 604 A.2d 839 (Del. 1992); *Shy v. State* 246 A.2d 926 (Del. 1968)).

[4] *Conover v. State*, 2005 WL 583746 (Del. Mar. 10, 2005) (citing *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992)).

[5] *See* 11 Del. C. §§ 825, 4205(b)(4) (providing that Burglary in the Second Degree is a class D felony that carries a penalty of up to eight years at Level V); 16 Del. C. § 4754 & 11 Del. C. § 4205(b)(4) (providing that Drug Dealing is a class D felony that carries a penalty of up to eight years at Level V); 11 Del. C. §§ 1448, 4205(b)(6) (providing that PDWBPP is a class F felony that carries a penalty of up to three years at Level V); 11 Del. C. §§ 601(c), 4206(a) (providing that Offensive Touching of a Law Enforcement Officer is a class A misdemeanor that carries a penalty of up to one year at Level V).

[6] *Torres v. State*, 2012 WL 4846542 (Del. Oct. 10, 2012); *DeShields v. State*, 2012 WL 1072298 (Del. Mar. 30, 2012); *Allen v. State*, 2002 WL 31796351 (Del. Dec. 11, 2002).

(6)     In this case, the Superior Court reconsidered the factual circumstances that led to its imposition of Hewett's sentence and concluded that a reduction of sentence was not warranted.  We find no abuse of discretion or error of law in that ruling.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

4