**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**


STATE OF DELAWARE,      )

      )

      )

**v.**      )      **ID No. 1406015448**

      )

      )

**JOHN S. BRADLEY,**      )

      )

      **Defendant.**      )


Submitted: June 10, 2015

Decided: June 22, 2015

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 22nd day of June, 2015, upon consideration of the Defendant's Motion for Sentence Reduction/Modification, and the record in this matter, it appears to the Court that:

(1) In July 2014, a grand jury indicted Defendant John S. Bradley for assault second degree, terroristic threatening, offense touching, and criminal mischief. These multiple offenses arose from a domestic assault during which Bradley, among other things, battered his girlfriend and fractured her rib. In September 2014, a grand jury indicted Bradley for breaching the conditions of his release on bond by contacting his girlfriend

within days of that assault.[1]  And later in September 2014, he was arrested for yet another breach of release. [2]

(2)    On the morning of trial, Bradley pleaded guilty to the felony assault count.[3]  He did so in exchange for dismissal of the remaining charges in the first indictment, dismissal of the single charge from the second, an agreement not to indict the charge from the third related arrest, and the State's favorable sentencing recommendation (up to one year).[4]

(3)    Bradley's sentencing occurred several months later, on March 13, 2015, after a pre-sentence investigative report was prepared.  He was sentenced to serve eight years at Level V, suspended after he serves two years imprisonment, for six years at Level IV-DOC Discretion, suspended after he completes a six-month Level IV term, for two years of Level III

---

[1]    *See* Indictment, *State v. John S. Bradley*, ID No. 1406018692 (Del. Super. Ct. Sept. 2, 2014); *see also* Dkt. No. 1, *State v. John S. Bradley*, ID No. 1406018692 (Del. Super. Ct. July 10, 2014).

[2]    *See* Dkt. No. 1, *State v. John S. Bradley*, ID No. 1409017420 (Del. Super. Ct. Oct. 13, 2014).

[3]    Plea Agreement and TIS Guilty Plea Form, *State v. John S. Bradley*, ID No. 1406015448 (Del. Super. Ct. Dec. 2, 2014).

[4]    Plea Agreement, at 1 (setting forth the charges to be *nolle prosed* or not indicted and providing also that the "State will cap recommendation for Level 5 time to be served at 1 year").  This was a recommendation in the mid-range of the applicable guideline sentence. *SENTAC Sentence Range for Class D Felony (Violent)*, DELAWARE SENTENCING ACCOUNTABILITY COMMISSION, *Benchbook 2014* at 47 (noting a statutory range of up to eight years imprisonment and a presumptive sentence of up to two years imprisonment for assault second degree).

supervision with GPS monitoring and certain conditions including domestic violence and substance abuse treatment.[5]

(4) Bradley filed no direct appeal from his conviction or sentence. But he has now docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his two-year unsuspended portion of his Level V term.[6] In short, Bradley asks the Court to suspend the remainder of those two years of imprisonment and place him on home confinement immediately.

(5) In his sentence reduction motion, Bradley requests that the Court reconsider certain mitigating circumstances presented at the time of his sentencing and reduce his term of imprisonment.[7] The mitigating factors he identifies are: (1) the fact that he was care provider for his adult son, who has special needs, due to his wife's untimely death in 2003; (2) his mother's poor health which, he says, is taxed even more since she has taken on

---

[5] Sentencing Order, *State v. John S. Bradley*, ID No. 1406015448 (Del. Super. Ct. Mar. 13, 2015).

[6] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[7] Def.'s Mot. to Modify Sent., at 2.

responsibility for Bradley's son; and (3) his long-time steady employment at a job that permitted him to have his son along while carrying out his duties.[8]

(6) The Court may consider Bradley's motion "without presentation, hearing or argument."[9] The Court will decide his motion on the papers filed and the complete sentencing record in Bradley's case.

(7) When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits.[10] There are no bars to the consideration of Bradley's request under Rule 35(b).

(8) The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[12] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the

---

[8] *Id.*

[9] Super. Ct. Crim. R. 35(b).

[10] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[11] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[12] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

initial sentence is appropriate."[13]  A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and timely Rule 35(b) motion is made.[14]  Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[15]

(9)    The Court has examined Bradley's claim – *i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh – on the merits.  In doing so, the Court has fully reviewed Bradley's application, the record of his case, Bradley's prior criminal history, all pre-sentence materials, and all sentencing information available.[16]  The Court finds that when all sentencing factors in his case are

---

[13]    *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).  *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (explaining under Alaska's then-extant120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy").

[14]    *Remedio*, 108 A.3d at 331-32 (citing cases).

[15]    *Hewett*, 2014 WL 5020251, at *1.  *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[16]    *See Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) (by citing *Mayes v. State*, 604 A.2d 839 (Del. 1992) our Supreme Court makes it clear that the "sound discretion" this Court exercises in determining the merits of a timely Rule 35(b) motion is coextensive with the discretion this Court exercises when first imposing the subject sentence); *and see Lake v. State*, 1984 WL 997111, at *1 (Del. Oct. 29, 1984) (observing the "wide discretion" this Court has in making a sentencing determination includes "the latitude to consider all information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that

considered, Bradley had and has presented some prepossessing mitigators. Yet they do not compel a sentence reduction here. Instead, after thorough review of the merits of Bradley's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(10) Accordingly, the Court will exercise its discretion under Rule 35(b)[17] and **DENY** Bradley's request to reduce his term of imprisonment.

**SO ORDERED this 22nd day of June, 2015.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: Zoe M. Plerhoples, Deputy Attorney General
    Brian J. Chapman, Esquire
    Mr. John S. Bradley, *pro se*
    Investigative Services Office

---

defendant was convicted" and "almost any factor including prior criminal charges, hearsay, and other information normally inadmissible for the purpose of determining guilt").

[17] *Rondon*, 2008 WL 187964, at *1 ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").