IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL HUNT, §
§ No. 282, 2016
 Defendant Below, §
 Appellant, § Court Below—Superior Court of the
§ State of Delaware
 v. §
§ Cr. ID Nos. 0110007903 (N)
STATE OF DELAWARE, § 0106014370 (N)
§
 Plaintiff Below, §
 Appellee. §

Submitted: April 7, 2017
Decided: June 28, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 28th day of June 2017, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellant, Michael Hunt, filed this appeal from the Superior Court's May 9, 2016 denial of his "motion for modification of sentence for juvenile offenses." The appeal is without merit.

(2) Hunt was indicted twice in 2001. The first indictment, filed on July 30, 2001, charged Hunt for twenty felony offenses arising from residential break-ins committed in May and June 2001 when Hunt was eighteen years old.[1] The second

---

[1] Hunt also was indicted for twenty-three misdemeanor offenses.

indictment, filed on November 19, 2001, charged Hunt for ten felony offenses, including three counts of Rape First Degree, for crimes committed in August 2000 when Hunt was seventeen years old.

(3) On February 6, 2002, Hunt pled guilty to eleven counts of burglary and four other counts from the first indictment, and to one count of rape from the second indictment. In exchange for Hunt's guilty plea, the State dismissed all of the other charges in the two indictments. After a presentence report, the Superior Court sentenced Hunt, on September 13, 2002, to fifteen years of Level V imprisonment for the rape conviction and to an additional twelve years of Level V imprisonment followed by probation for the burglaries and other convictions.

(4) In 2015, Hunt filed motions under Superior Court Criminal Rule 35 seeking a modification of sentence under Rule 35(b) and a correction of sentence under Rule 35(a).[2] The Superior Court granted the Rule 35(b) motion in part and denied the Rule 35(a) motion.

(5) On April 25, 2016, Hunt filed a "motion for modification of sentence for juvenile offenses" under Superior Court Criminal Rule 35A. By order dated May 9, 2016, the Superior Court denied the motion as untimely and repetitive under Rule 35(b). On appeal, Hunt claims that the Superior Court erred when it considered the

---

[2] *See* Del. Super. Ct. Crim. R. 35(a), (b) (governing correction of sentence, reduction of sentence).

motion under Rule 35(b) instead of Rule 35A. We review the court's denial of the motion for abuse of discretion and review questions of law *de novo*.[3]

(6) Title 11, section 4204A of the Delaware Code provides a mechanism to reassess a lengthy sentence imposed for an offense committed as a juvenile.[4] Rule 35A governs the process for reviewing an application to modify a sentence under that statute.[5]

(7) Under 11 *Del. C.* § 4204A(d)(1) and Rule 35A(b)(4), an offender sentenced to more than twenty years of incarceration for an offense committed before the offender's eighteenth birthday is eligible to petition the Superior Court for a modification of sentence after the offender has served the first twenty years of the sentence. In appropriate cases, such as when the offender shows sufficient maturity and rehabilitation, the Superior Court has discretion to modify the sentence.[6]

(8) In this case, although Hunt was sentenced for an offense committed before his eighteenth birthday—Rape First Degree—he was sentenced only to

---

[3] *See Hickman v. State*, 2003 WL 22669335 (Del. Nov. 10, 2003) (ORDER) (citing *Shy v. State*, 246 A.2d 926, 927 (Del. 1968)).

[4] *See* 11 *Del. C.* § 4204A (Supp. 2017) (governing confinement of youth convicted in Superior Court).

[5] *See* Del. Super. Ct. Crim. R. 35A (governing modification of sentence for an offense committed as a juvenile).

[6] *See generally State v. Walker*, 2017 WL 527564 (Del. Super. Ct. Feb. 8, 2017) (denying Rule 35A motion for modification of sentence under 11 *Del. C.* § 4204A) (citing *Graham v. Florida*, 560 U.S. 48, 79 (2010)).

fifteen years of Level V incarceration for that offense, not "incarceration in excess of 20 years," the minimum sentence required to seek relief under 11 *Del. C.* § 4204A.[7] Consequently, Hunt was not eligible for a modification of sentence under § 4204A and Rule 35A.

(9)    Because Hunt was not eligible for a modification of sentence, we conclude that the Superior Court did not err in denying Hunt's motion even though the court should have considered the motion under Rule 35A instead of Rule 35(b). We will affirm the denial of the motion on the independent and alternative ground that the motion lacked merit under Rule 35A.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[7] 11 *Del. C.* § 4204A(d)(1).
[8] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (the Supreme Court may affirm a trial court's judgment for reasons different that those articulated by the trial court).