# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    **v.**    )    **ID No. 1901005067**
    )
JOHN P. SINGLETON,     )
    **Defendant.** )

Submitted: September 11, 2020
Decided: December 3, 2020

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 3rd day of December, 2020, upon consideration of the Defendant John P. Singleton's Motion for Sentence Reduction (D.I. 30), its supporting documentation (D.I. 31), and the record in this matter, it appears to the Court that:

(1) On the day of his final case review, John P. Singleton pleaded guilty to one count of robbery first degree and six counts of robbery second degree (each as a lesser offense of the first degree robbery charged in each corresponding count).[1] He did so in exchange for the downgrading of the bulk (six of seven) of his robbery charges, the State's withholding of a habitual criminal petition, and the State's capping of its sentencing recommendation

---

[1] Plea Agreement and TIS Guilty Plea Form, *State v. John P. Singleton,* ID No. 1901005067 (Del. Super. Ct. Nov. 18, 2019) (D.I. 15).

to a request for ten years of unsuspended imprisonment.[2] These offenses arose from a month-long spree of retail robberies that occurred in the winter of 2018-2019.[3]

(2)  Mr. Singleton's sentencing occurred on July 10, 2020, after a comprehensive presentence investigative report was prepared.  He was sentenced:  (a) for Robbery First Degree (N19-01-1293)—25 years at Level V suspended after serving five years at Level V to be served under the provisions of 11 *Del. C.* § 4204(k) for 20 years at Level IV (DOC Discretion), suspended after serving six months at Level IV, for two years at Level III; and (b) for each Robbery Second Degree (N19-01-1294, 1295, 1296, 1297, 1298, and 1299)—Five years at Level V suspended after serving six months at Level

---

[2]  *Id.* at 1 ("State will cap its recommendation for unsuspended level five time at ten (10) years.  State agrees to waive habitual offender sentencing.").  Because Mr. Singleton had been previously convicted of armed robbery on at least two prior occasions in Maryland, he faced a sentence of at least 25 years per first degree robbery under Delaware's Habitual Criminal Act. *See* DEL. CODE ANN. tit. 11, § 4214(d) (2018) (providing now that one, like Mr. Singleton, who may be a habitual offender under that provision of the Habitual Criminal Act and who is convicted of a Title 11 violent felony can be declared a habitual criminal; such a habitual criminal must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for each triggering Title 11 violent felony that forms the basis of the State's habitual criminal petition); *id.* at §§ 832(a) and 4205(b)(2) (maximum sentence for robbery first degree is 25 years at Level V).

[3]  Indictment, *State v. John P. Singleton,* ID No. 1901005067 (Del. Super. Ct. May 16, 2019) (D.I. 3).

V, again with each of these six terms to be served under the provisions of 11 *Del. C.* § 4204(k).[4]

(3)  The sentencing order provides that Mr. Singleton's sentence is effective January 9, 2019, that the terms of confinement are to run consecutively, and that he is to be held at Level V until space is available at Level IV.[5]  The Court exercised its sentencing discretion when ordering that Mr. Singleton's seven separate terms of unsuspended incarceration for his seven separate robberies were to be served consecutively,[6] and when it ordered application of 11 *Del. C.* § 4204(k) to each those terms.[7]

(4)  In sum, Mr. Singleton's cumulative eight-year period of unsuspended imprisonment is comprised of the five-year minimum term of incarceration that must be imposed under Delaware's first degree robbery statute and cannot be suspended,[8] and the cumulation of the six six-year terms

---

[4]  Sentence Order, *State v. John P. Singleton,* ID No. 1901005067 (Del. Super. Ct. July 10, 2019) (D.I. 29).

[5]  *Id.*

[6]  *Id.* at § 3901(d).

[7]  *Id.* at § 4204(k) ("[T]he court **may** direct as a condition to a sentence of imprisonment to be served at Level V or otherwise that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence.) (emphasis added).

[8]  As Mr. Singleton acknowledged in his plea, due to his prior conviction for armed robbery in Maryland, he was subject to an enhanced five-year minimum here in Delaware.

imposed for the remaining robberies. And all eight of those years are to be served "without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence."[9]

(5)  Mr. Singleton filed no direct appeal of his convictions or sentences. Instead, he docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his cumulative eight-year Level V term.[10] Mr. Singleton asks this be done by excising the § 4204(k) condition placed on each of his robbery sentences.[11]

(6)  The Court may consider Mr. Singleton's motion "without presentation, hearing or argument."[12] The Court will decide his motion on the papers filed and the complete sentencing record in this case.

---

*See* Plea Agreement, at 1 ("Defendant agrees that he is subject to a five (5) year minimum mandatory level 5 sentence on the Robbery 1st Degree conviction pursuant to 11 Del. C. 832(b)(2) due to the following conviction: Robbery With a Deadly Weapon (MD 2001, Case No. 202008019 Baltimore City Circuit Court)."). DEL. CODE ANN. tit. 11, § 832(b)(2) (2018).

[9]  DEL. CODE ANN. tit. 11, § 4204(k)(2018)

[10]  Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11]  Def.'s Rule 35(b) Mot., at 2-3.

[12]  Super. Ct. Crim. R. 35(b).

(7)	When considering motions for sentence reduction or modification, "this Court addresses any applicable procedural bars before turning to the merits."[13]  As Mr. Singleton's motion is his first and is timely filed, the Court finds there are no procedural bars to the consideration of his request under Rule 35(b).

(8)	The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[14]  Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[15]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[16]

---

[13]	*State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[14]	*Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[15]	*Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[16]	*State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (Observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.).  *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (Explaining under Alaska's then-extant 120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").

(9)    The Court has examined Mr. Singleton's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits.  Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[17]

(10)    Mr. Singleton cites three reasons that the Court should reduce his sentence by removing the § 4204(k) condition:[18]  (a) he would "like to be able to work and receive some new skills or trade to take back to society once [he's] released;" (b) he feels he would "not [be able] to work [him]self back into society with not being able to receive good credits;" and (c) he "take[s] full responsibility for [his] actions [as] far as all charges."[19]

---

[17]  *Hewett*, 2014 WL 5020251, at *1.  *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[18]  And make no mistake, removal of this condition alone would be a reduction in sentence.  Good time consists of two types of credits: behavior credits and merit credits. *Johnson v. Phelps,* 2009 WL 587625, at *2 (Del. Super. Ct. Feb. 20, 2009).  Were the § 4204(k) condition removed, Mr. Singleton's behavior credits would be calculated and deducted from his total sentence now to determine his "short-term release date"—the date on which Singleton must be released from incarceration, unless he subsequently commits a disciplinary infraction that causes all or a part of those behavior credits to be forfeited. *See Snyder v. Andrews,* 708 A.2d 237, 243 (Del. 1998) (explaining DOC's sentence calculation method); *see also Crosby v. State,* 824 A.2d 894, 899 (Del. 2003) (explaining significance of a short-term release date).

[19]  Def.'s Rule 35(b) Mot., at 2.

(11)   Of course, there is nothing about the § 4204(k) condition itself that prohibits Mr. Singleton from fully engaging in any substance abuse, mental health, work, educational or other program aimed toward rehabilitation.  That is, the DOC doesn't exclude a § 4204(k) inmate from any rehabilitative program or effort; he just doesn't earn sentence diminution— i.e., merit credits—for such participation.  And it is clear that it's not a lack of rehabilitative opportunity Mr. Singleton bemoans, it's lack of incentivization via sentence reduction.[20]  That's sad.

(12)   One might think that a career criminal now in his mid-50s, who has spent most of his adulthood behind bars, who ducked habitual criminal status and a certain life sentence on this occasion, and who is serving a cumulative sentence at the lowest end of the SENTAC guidelines, would be wholly motivated to take advantage of any and all available rehabilitative opportunities solely to better himself and attain the best possible position to take advantage of the favor granted him.  But Mr. Singleton wants more.

(13)   The Court has fully reviewed Mr. Singleton's application, the record of his case, his prior supervision history, and all sentencing information available.   The Court carefully weighed the applicable aggravators and

---

[20]   Def.'s Rule 35(b) Mot., at 3 ("I'm working toward changing my behaviors, and becom[ing] a productive member of society.  Without [the] ab[ility] to earn no credits, it[']s hard for me to focus on doing what I need to do to change my life.").

mitigators before imposing its sentence.[21]  The Court finds that when those and all other sentencing factors in his case are considered, Mr. Singleton's statement of his aspirations may be commendable, but they do not compel a sentence reduction here.  Instead, after thorough review of the merits of Mr. Singleton's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(14)   Accordingly, the Court will exercise its discretion under Rule 35(b)[22] and **DENY** Mr. Singleton's request to reduce his term of imprisonment.

**SO ORDERED this 3rd day of December, 2020.**

*/s/ Paul R. Wallace*
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Ross A. Flockerzie, Esquire,
       William L. Raisis, Deputy Attorney General
       Investigative Services Office

---

[21]   *See* Sentencing Order, at 6 (noting the aggravating factors and mitigating factors found by the Court).

[22]   *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").