**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  May 6, 2021
Date Decided:  June 15, 2021

Mr. Mark H. Davis
SBI No. 00155091
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, Delaware 19809

Mr. William L. Raisis, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 7th Floor
Wilmington, Delaware  19801

RE:   *State v. Mark H. Davis*
      ID. No. 1911011582
      *Motion for Reduction or Modification of Sentence*

Dear Messrs. Davis and Raisis:

The Court is in receipt of:  (1) Mr. Davis's request to reduce his sentence (D.I. 7); its supplement requesting a specific order related to the sentencing condition requiring a substance abuse and mental health evaluation (D.I. 8); and, (3) the State's response to those two filings (D.I. 10).

## PROCEDURAL HISTORY

On June 26, 2020, Mr. Davis was before the Court after pleading guilty to burglary in the second degree.  For that conviction, he was sentenced to serve eight years at Level V, suspended after seven years (to be served under the provisions of 11 *Del. C.* § 4204(k)) for one year at Level IV-DOC Discretion, suspended after six months for six months at Level III-TASC.[1]  The sentence's effective date is February

---

[1]   Sentencing Order, *State v. Mark H. Davis*, ID No. 1911011582 (Del. Super. Ct. Jun. 26, 2020) (D.I. 6).

27, 2020; and Mr. Davis is to held at Level V until the Level IV placement becomes available.[2]   One condition of his sentence is that Mr. Davis be evaluated by the Delaware Treatment Access Center (TASC) for substance abuse and mental health treatment needs.  The Court also noted that it would retain jurisdiction over this sentence "for the express purpose of modification consistent with any treatment recommendation made by TASC or the Department of Correction, but for no other purpose."[3]

Mr. Davis filed no direct appeal from his conviction or sentence.  But he did almost immediately docket a motion under Rule 35(b) seeking reduction of his Level V term.[4]  Mr. Davis has since also filed what the Court would deem a supplementary request for a specific order as to the timing of his substance abuse and mental health evaluation.[5]

The Court may consider such a request "without presentation, hearing or argument."[6]  When considering motions for sentence reduction or modification, this

---

[2]   Sentencing Order, at 1-2.

[3]   Sentencing Order, at 3.

[4]   Def. Rule 35(b) Mot. (D.I. 7).  *See* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation); *see also Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5]   D.I. 8.

[6]   Super. Ct. Crim. R. 35(b).

Court addresses any applicable procedural bars before turning to the merits.[7] As Mr. Davis's motion is his first and was timely filed, the Court finds there are no Rule 35(b) procedural bars to the consideration of his request for reduction of his imprisonment term.

**MR. DAVIS'S REQUEST TO REDUCE HIS PRISON TERM**

The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[8] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[9] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[10]

The Court has examined Mr. Davis's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce or modify sentences, such entreaties are addressed to the sound discretion of this Court.[11]

---

[7]   *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[8]   *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[9]   *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[10]   *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014) (collecting cases that observe that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.).

[11]   *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

Mr. Davis insists reduction of imprisonment should be granted because, in his view, the Court failed to give adequate consideration to: (1) his learning and/or intellectual challenges; (2) his struggles with substance abuse; (3) his alleged lack of a violent criminal history; and, (4) his remorse.[12]

At bottom, Mr. Davis asks that the Court reweigh mitigating circumstances he believes were present at the time of his sentencing hearing and reduce his term of imprisonment. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[13]

Given this, the Court has fully reviewed Mr. Davis's Rule 35 application, the record in his case, his prior criminal and supervision history, and all sentencing information available.

The Court first carefully weighed the applicable aggravators and mitigators before imposing its sentence last year. And the Court made it clear then that it had considered Mr. Davis's presentation and reviewed all the favorable sentencing materials he provided prior to his sentencing hearing.[14] Mr. Davis is correct: his

---

[12] Def.'s Rule 35(b) Mot., at 5. You make reference also to the United States Sentencing Guidelines, recent changes to 11 *Del. C.* § 3901(d), and the standards for enhancement of statutory maximums. *Id.* at 2. Not one of those is applicable in your case. But, the Court has given your application the most liberal reading possible to determine if there any arguable "illegality" in your sentence. The Court sees none. *See Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (relief from an "illegal" sentence under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.).

[13] *State v. Remedio*, 108 A.3d 326, 331-32 (Del. Super. Ct. 2014) (emphasis in original).

[14] Sentencing Hearing Transcript, *State v. Mark H. Davis*, ID No. 1911011582 (Del. Super. Ct. Jun. 26, 2020), at 9-13 (D.I. 11).

sentence imposed exceeds the applicable SENTAC guidelines. But that gets him just so far in his plea for relief here.[15]

There is no doubt that each of the aggravators cited by the Court at the sentencing hearing and in its sentencing order[16] are well-supported by the record. And there is no doubt those aggravating circumstances—Mr. Davis's extensive criminal history with two prior declarations of statutory habitual criminality, that there were both elderly people and juveniles victimized by his crime, and, the finding that any lesser sentence would unduly depreciate the nature of that crime and its effects on the victim family[17]—can reasonably be seen to carry considerably greater weight than the mitigators Mr. Davis has invoked for decades but done not nearly enough to address.

The Court finds that when those aggravators and all other sentencing factors

---

[15] *State v. Comeger*, 2015 WL 74260, at *2 (Del. Super. Ct. Jan. 5, 2015) ("The fact that a portion of the sentence imposed exceeds SENTAC guidelines does not provide a legal or constitutional basis to attack this sentence that is otherwise within statutory limits. It is, however, a proper factor for the Court weigh when, as here, it is considering a timely Rule 35(b) motion." (cleaned up)).

[16] *See* DEL. CODE ANN. tit. 11, § 4204(n) (2020) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."); DEL. SUPR. CT. ADMIN. DIR. 76 (Sep. 15, 1987) ("Any judge who finds a particular sentencing standard inappropriate in a particular case because of the presence of aggravating or mitigating or other relevant factors need not impose a sentence in accordance with the standards but such judge shall set forth with particularity the reasons for the deviation . . ."); *SENTAC Policy No. 29*, DELAWARE SENTENCING ACCOUNTABILITY COMMISSION, Benchbook 2020, at 28 (providing, in relevant part, that sentences of incarceration conditioned by § 4204(k) should be imposed only in "exceptional circumstances"); *SENTAC Policy No. 30*, DELAWARE SENTENCING ACCOUNTABILITY COMMISSION, Benchbook 2020, at 28 ("Since imposition of a sentence pursuant to 11 Del C., sec 4204(k) is, in effect, a departure from the presumptive sentencing guidelines; the reason for use of Sec. 4204(k) must be stated on the record and included in the sentencing order.").

[17] Sent. Hrg. Tr., at 13-20; Sentencing Order, at 4.

in Mr. Davis's case are reconsidered, the circumstances he posits in his Rule 35(b) application do not warrant a sentence reduction here. Instead, after a thorough review of the merits of Mr. Davis's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

Accordingly, the Court will exercise its discretion under Rule 35(b)[18] and **DENY** this request to reduce Mr. Davis's seven-year term of imprisonment.

### MR. DAVIS'S REQUEST FOR AN IMMEDIATE TASC EVALUATION

Lastly, as to Mr. Davis's suggestion that the Court should order that TASC complete its evaluations immediately while he is at Level V, it was the Court's intent that all necessary evaluations and treatment recommendations would be carried out at the time and by the entity most appropriate. That is, that the Department of Correction would, as it regularly does, complete its assessments of Mr. Davis while at Level V and assign Mr. Davis to the housing and program placements best suited to his treatment and rehabilitative needs and the length of his Level V sentence.

The placement of Davis in any specific program, however, is at the sole discretion of the Department of Correction. And indeed, the Department *may* engage TASC's assistance with Mr. Davis's evaluation and treatment while at Level V. But the Department *is not required* to do so. To the extent Mr. Davis claims otherwise— that the Court's sentencing order requires that he must receive a specific TASC evaluation while at Level V and assignment to a TASC-named rehabilitative or treatment program while at Level V—he cites no authority for that proposition. It is

---

[18] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Hewett*, 2014 WL 5020251, at *1.

wholly appropriate for the Court to leave such Level V (and Level IV) classification and placement decisions to the Department of Correction.[19]  And as the Court has ordered here, it is the Court's expectation that TASC will work with the Department to address Mr. Davis's continued treatment needs once he begins the community supervision component of his sentence.

CONCLUSION

For the above reasons, Mr. Davis's request for a reduction of his prison term is **DENIED**.  He must serve the seven years the Court has ordered.

To alleviate any confusion on Mr. Davis's part over his substance abuse and mental health evaluations, the Court will enter a modified sentencing order forthwith.  And so, as to Mr. Davis's second request through this application, that prayer is **GRANTED**, in part, and **DENIED**, in part.

**IT IS SO ORDERED**.

**Paul R. Wallace, Judge**

Original to Prothonotary
cc:  Gregory E. Smith, Deputy Attorney General
    Investigative Services Office

---

[19]  *See Samans v. Dept. of Correction*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015) ("Inmates do not have a right to a particular prison classification and placement of inmates within the prison system is within the wide spectrum of discretionary actions that traditionally have been the business of prison administrators, rather than of the courts." (cleaned up)); *State v. Goodman*, 2010 WL 547394, at *2 (Del. Super. Ct. Feb. 9, 2010) (observing that "[c]ourts are generally very reluctant to interfere with the administration of prisons").