# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
                           )
      v.            )     **ID No. 2104008774**
                           )     **Cr. A. Nos. IN21-04-1449-50**
**KELLI D. COLLINS**    )

Submitted: February 3, 2023
Decided: February 10, 2023

## ORDER DENYING
## MOTION TO REDUCE OR MODIFY SENTENCE

This 10th day of February, 2023, upon consideration of the Defendant Kelli Collins' Motion for Sentence Reduction or Modification (D.I. 17), the State's Response (D.I. 19), and the record in this matter, it appears to the Court that:

(1)    On July 25, 2022, Ms. Collins pleaded guilty to first-degree assault and a weapons charge (PDWDCF).[1] She did so in exchange for the State's dismissal of the remaining indicted counts, wrapping up of a Court of Common Pleas matter and a separate VOP,[2] and capping of its sentencing recommendation to ten years of unsuspended imprisonment.[3]

---

[1] Plea Agreement and TIS Guilty Plea Form, *State v. Kelli D. Collins,* ID No. 2104008774 (Del. Super. Ct. July 25, 2022) (D.I. 14).

[2] These dispositions are uncontested in this motion. *See* Def. Rule 35(b) Motion, at 2, *State v. Kelli D. Collins,* ID No. 2104008774 (Del. Super. Ct. July 25, 2022) (D.I. 17).

[3] Plea Agreement, at 1.

(2)     Ms. Collins' sentencing occurred on December 2, 2022, after a comprehensive presentence investigative (PSI) report was prepared.   In addition to those materials compiled in the PSI report, Ms. Collins' counsel submitted, and the Court considered, a mitigation report prepared by a mental health specialist.  The State also submitted a sentencing memorandum setting out its position.  All of these materials that spoke to the applicable aggravating and mitigating circumstances present were fully examined by the Court before imposing Ms. Collins' sentence.

(3)     Ms. Collins was sentenced as follows: for Assault First Degree (IN21-06-1686)—25 years at Level V suspended after serving 7 years at Level V for 18 years at Level IV (DOC Discretion), suspended after serving 6 months at Level IV, for 2 years at Level III; and, for PDWDCF—10 years at Level V suspended after serving 2 years at Level V with no probation to follow. [4] Her sentencing order provides that Ms. Collins' sentence is effective April 16, 2021, and that she is to be held at Level V until space is available for her Level IV placement.[5]

(4)     Ms. Collins' nine-year period of unsuspended imprisonment is

---

[4]   Sentence Order, *State v. Kelli D. Collins,* ID No. 2104008774 (Del. Super. Ct. July 25, 2022) (D.I. 16).  There are numerous financial, no-contact, evaluation and treatment terms and conditions included as part of Ms. Collins' sentence.  But as those are not challenged in her motion, they are not fully recounted here.

[5]   *Id.*

comprised, in part, of two separate two-year minimum terms of incarceration that must be imposed under Delaware's first-degree assault and PDWDCF statutes and that cannot be suspended.[6] The remaining five years the Court imposed as an exercise of its own sentencing judgment.

(5) Ms. Collins filed no direct appeal of her assault and weapons convictions or sentence. Instead, she docketed the present motion under Superior Court Criminal Rule 35(b)[7] requesting reduction of her prison term and other modifications to her sentencing order. More specifically, Ms. Collins asks that the Court: (a) reorder the counts in its sentencing order; (b) give her credit for all time-served; (c) suspend 18 months of her Level V term after completion of a Level V in-patient treatment program; (d) specifically designate that her Level IV term is to served at work release; and, (e) order that her Level V terms for assault and PDWDCF run concurrently.[8] If all this could be and were done, the result would be that

---

[6] *See* DEL. CODE ANN. tit. 11, §§ 613, 1447, and 4205(b)(2) (2020) (first-degree assault and PDWDCF are each class B felonies that each carry a minimum term of two years at Level V); *id.* at § 4205(d) ("Where a minimum, mandatory, mandatory minimum or minimum mandatory sentence is required by . . . this section, such sentence shall not be subject to suspension by the court.").

[7] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *R. Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8] Rule 35(b) Motion, at 3-4.

Ms. Collins' imprisonment term would be cut from nine years to five and one-half years.

(6) The Court may consider Ms. Collins' motion "without presentation, hearing or argument."[9] The Court will decide her motion on the papers filed and the complete sentencing record in this case.

(7) When considering motions for sentence reduction, "this Court addresses any applicable procedural bars before turning to the merits."[10] As Ms. Collins' motion is her first and is timely filed, the Court finds there are no procedural bars to the consideration of her request under Rule 35(b).

(8) Historically, the purpose of Superior Court Criminal Rule 35(b) has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11] When an inmate files her motion for reduction of her incarcerative term within 90 days of her sentencing, the Court has broad discretion to decide whether to alter its judgment.[12] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the

---

[9] Super. Ct. Crim. R. 35(b).

[10] *State v. Redden*, 111 A.3d 602, 6Lveel 06 (Del. Super. Ct. 2015).

[11] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[12] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment."); *State v. Williams*, 2015 WL 757551, at *2 (Del. Super. Ct. Feb. 18, 2015) ("Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.").

initial sentence is appropriate."[13] But, no doubt, as movant, Ms. Collins must shoulder the burden of establishing just cause for reduction of her otherwise legal sentence.[14]

(9) The Court has examined Ms. Collins' claim—*i.e.*, her request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[15]

(10) Ms. Collins cites her treatment needs and that "these crimes were committed as a result of a drug addiction" as primary bases for the relief she now requests.[16]

(11) The State opposes any reduction of Ms. Collins' Level V term and points out that most of what she requests would have no real impact on her sentence.

(12) At bottom in this sentence reduction motion, Ms. Collins asks that the Court reweigh mitigating circumstances she believes were present at

---

[13] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

[14] *State v. Guseman,* 2021 WL 916220, at *3 (Del. Super. Ct. Mar. 10, 2021).

[15] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[16] Rule 35(b) Motion, at 3-4.

the time of her sentencing, consider certain additional factors she insists are now important, and then reduce her term of imprisonment and modify the ordered term of partial confinement. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[17]

(13) To begin with, Ms. Collins is under some misimpressions when framing certain of her prayers. *First*, though there seems much lore regarding such among those imprisoned, the sequence in which offenses appear on the Court's sentencing order has absolutely no effect on how long one serves under the cumulative sentence ordered.[18] *Second*, Ms. Collins has been given the required credit for all time-served in this case via designation of its effective date as April 16, 2021.[19] *Third*, the Court was and remains statutorily prohibited from ordering her specific terms of imprisonment to run concurrently.[20]

---

[17] *Remedio*, 108 A.3d at 331-32 (emphasis in original).

[18] *See* State's Resp. at ¶¶ 8-9 (noting that the Department of Correction has confirmed "that flipping the order of sentences [in the sentencing order] would have no impact on the length of [an inmate's] sentences, or [the inmate's] classification process").

[19] *See* DEL. CODE ANN. tit. 11, § 3901(b) (2020) (requiring credit for all time-served); *see also McNair v. State,* 2011 WL 768639, at *1 (Del. Mar. 4, 2011) (one method of ensuring proper credit for all time-served required by 11 *Del. C.* §§ 3901(b) and (c) is "backdating" the sentence's effective date to the first day of one's pre-trial detainment).

[20] DEL. CODE ANN. tit. 11, § 3901(d) (2020) ("[N]o sentence of confinement of any criminal defendant . . . shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . Assault in the first degree . . ."). *See State v. Thomas*, 220 A.3d 257, 265 (Del. Super. Ct. 2019) ("[I]t

(14)    So, the Court turns to the requests that the Court: (a) eliminate 18 months of the incarceration ordered for successful completion of a particular treatment program; and, (b) expressly designate Ms. Collins' Level IV term be served at work release.

(15)    By the time of sentencing, the Court had familiarized itself with Ms. Collins' full criminal and social history.  The Court commends her for the strides she has made thus far during her Level V term to identify her drug addiction issues, as well as her expressed desire to seek further treatment for those and her mental health needs. But these mitigators just don't outweigh the aggravating circumstances present in this case.  Those aggravators include the specifics of Ms. Collins' crime and her long criminal history.[21]

(16)    That said, the Court has fully reviewed Ms. Collins' application, the record of her case, her prior criminal and social history, all materials provided with the present motion, and all sentencing information available. The Court carefully weighed the applicable aggravators and mitigators before imposing its sentence.   The Court finds that when those and all other sentencing factors in Ms. Collins' case are reconsidered, they do not warrant

simply doesn't matter whether both . . . crimes in the equation are concurrent-sentence-prohibited or not.   As long as one crime in the calculation is concurrent-sentence-prohibited, it cannot be made to run concurrently with *any* other.") (emphasis in original).

[21]    Sentencing Order, at 4 (setting forth the aggravators the Court found when imposing Ms. Collins' sentence).

a sentence reduction or modification here. Rather, after a thorough review of the merits of Ms. Collins' requests, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.[22]

(17)   Accordingly, the Court will exercise its discretion under Rule 35(b)[23] and **DENY** Ms. Collins' requests to reduce the nine-year term of unsuspended imprisonment imposed and to redesignate her placement at Level IV. As to other forms of relief requested, they are incognizable under Rule 35(b), moot, or statutorily prohibited.

**SO ORDERED this 10th day of February, 2023.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Ms. Kelli Collins, *pro se*
      Julia C. Mayer, Deputy Attorney General
      Investigative Services Office

---

[22]   The includes the Level IV-DOC Discretion designation. It remains the Court's sentencing judgment that placement and program assignment for Ms. Collins to complete her Level IV term is best left to the Department of Correction's discretion to determine given her circumstances when she has finished the Level V portion of her sentence (which is years away). The Court has every confidence that the Department of Correction will then exert its best efforts to execute the Court's sentence as ordered—that is, timely determine an appropriate Level IV placement that complements those other terms of Ms. Collins' sentence already served and programs already completed.

[23]   *Hewett*, 2014 WL 5020251, at *1; *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").