ALFONSO SANTIAGO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 600, 2009.
Supreme Court of Delaware.
Submitted: November 12, 2009.
Decided: January 15, 2010.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 15th day of January 2010, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Alfonso Santiago, filed this appeal from the Superior Court's denial of his motion for reduction or modification of his sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Santiago's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Santiago pled guilty in March 2009 to one count of possession of heroin within 300 feet of a park. Pursuant to his plea agreement, the State recommended a sentence of two years at Level V incarceration. In July 2009, after he was returned on a capias for his failure to appear at sentencing, the Superior Court sentenced Santiago to a total period of seven years at Level V incarceration to be suspended after serving four years for decreasing levels of supervision. Santiago did not appeal. Instead, Santiago filed a motion for reduction of sentence, which the Superior Court denied. This appeal followed.
(3) In his opening brief on appeal, Santiago argues that the Superior Court committed an error of law and abused its discretion by exceeding the State's sentencing recommendation because his guilty plea contained an "agreed to" sentence under Superior Court Criminal Rule 11(e)(1)(C). This argument clearly has no merit. The "agreed to" sentencing provision of former Superior Court Criminal Rule 11(e)(1)(C) was repealed in July 2001. Accordingly, Santiago's contention that his guilty plea contained such an "agreed to" sentencing recommendation is incorrect.
(4) Moreover, we find no merit to Santiago's suggestion that the Superior Court abused its discretion in sentencing him in excess of the SENTAC guidelines. Clearly, the Superior Court's sentence fell within the statutory limits.[1] This Court previously has held that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it exceeds the SENTAC guidelines.[2] Under the circumstances, we find no abuse of discretion in the Superior Court's denial of Santiago's motion for sentence reduction.[3]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 16, § 4768(a) (2003) (providing for a sentence of up to 15 years imprisonment for the crime of possession of a controlled substance within 300 feet of a park).
[2] Mayes v. State, 604 A.2d 839, 845 (Del. 1992).
[3] Shy v. State, 246 A.2d 926, 927 (Del. 1968).