IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVEAR WHITTLE, §
§ No. 141, 2022
 Defendant Below, §
 Appellant, § Court Below—Superior Court
§ of the State of Delaware
 v. §
§ Cr. ID No. 1111010324 (N)
STATE OF DELAWARE, §
§
 Appellee. §

Submitted: June 22, 2022
Decided: August 12, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Davear Whittle, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Whittle's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2012, a Superior Court jury found Whittle guilty of second-degree murder, first-degree reckless endangering, possession of a firearm by a person prohibited, and possession of a firearm during the commission of a felony ("PFDCF"). This Court reversed the conviction on appeal and remanded for a new

trial.[1] In November 2014, Whittle pleaded guilty to manslaughter and PFDCF. The Superior Court sentenced Whittle as follows: for manslaughter, to twenty-five years of imprisonment, suspended after twenty years for decreasing levels of supervision, and for PFDCF, to five years of imprisonment, as a minimum mandatory term under 11 *Del. C.* § 1447A.

(3) Whittle filed two unsuccessful motions seeking postconviction relief under Superior Court Criminal Rule 61[2] and an unsuccessful petition for federal habeas corpus relief.[3] Whittle then filed a motion seeking correction of an illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied that motion, and Whittle has appealed to this Court.

(4) We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[4] To the extent the claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] *Whittle v. State*, 77 A.3d 239 (Del. 2013).
[2] *Whittle v. State*, 2016 WL 2585904 (Del. Apr. 28, 2016) (affirming denial of first motion for postconviction relief); *Whittle v. State*, 2017 WL 5171316 (Del. Nov. 7, 2017) (affirming denial of second motion for postconviction relief).
[3] *Whittle v. May*, 2021 WL 3676968 (D. Del. Aug. 19, 2021).
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5) We find no merit to Whittle's arguments on appeal. First, Whittle argues that the Superior Court judge who presided over his plea hearing and sentencing should have recused himself because, before becoming a judge, he was a prosecutor in the Delaware Department of Justice "when Appellant was being prosecuted on another offense years before."[7] Whittle contends that his concern about the purported conflict caused him to plead guilty in violation of his right to have a final say in plea decisions and that the sentence imposed by the purportedly conflicted judge constitutes "unusual" punishment under the Eighth Amendment. Whittle unsuccessfully asserted his claim of judicial bias in his postconviction proceedings,[8] and he cannot use a motion under Rule 35(a) to relitigate that issue.[9]

---

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] Opening Brief at 5.
[8] *See Whittle*, 2016 WL 2585904, at *2 (Del. Apr. 28, 2016) (holding that Whittle's claim that "the Superior Court judge should have been disqualified because he was Chief Deputy Attorney General less than one year before he was assigned to preside over Whittle's case" was procedurally barred because he had not filed a motion to disqualify in the proceedings leading to his conviction and stating: "Whittle claims that the Superior Court judge and State failed to inform him that the Superior Court judge's employment as Chief Deputy Attorney eleven months before the case was assigned to him disqualified him from presiding over Whittle's case, but the record reflects that the Superior Court judge discussed the matter with Whittle's counsel and the State. During that discussion, the Superior Court judge stated that he had no recollection of the case from his time as Chief Deputy Prosecutor and the prosecutor stated that a search of the Department of Justice records did not reflect any communications with him about the case. Whittle has not shown cause for the procedural default or a basis to overcome the procedural bar of Rule 61(i)(3).").
[9] *Hawkins v. State*, 2016 WL 5335246 (Del. Sept. 22, 2016). *See also Brittingham v. State*, 705 at 578-79 (affirming denial of motions to correct illegal sentence that were based on challenges that had been advanced in postconviction proceedings and stating: "Brittingham cannot continue to

3

(6) Second, Whittle argues that his sentence is illegal because it exceeded the recommended sentence to which Whittle and the State agreed in the plea agreement. He also argues that the sentence exceeded the guidelines adopted by the Sentencing Accountability Commission ("SENTAC"). These claims also provide no basis for relief. The sentence imposed for each of Whittle's offenses is within the statutory maximum for manslaughter and PFDCF, each of which is a class B felony,[10] and is not illegal. The truth-in-sentencing guilty plea form correctly stated the maximum statutory penalty for each offense. Although the State agreed to recommend a lower sentence than what the Superior Court ultimately imposed, it is well-established that the Superior Court is not bound by a prosecutor's sentencing recommendation or the SENTAC guidelines.[11]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

litigate previously decided issues by changing the number of the Superior Court rule under which he seeks postconviction relief").

[10] *See* 11 *Del. C.* § 632 (defining manslaughter as a class B felony); *id.* § 1447A (defining PFDCF as a class B felony); *id.* § 4205(b)(2) (providing for a sentence of up to twenty-five years for a class B felony).

[11] *E.g.*, *Santiago v. State*, 2010 WL 376967 (Del. Jan. 15, 2010); *Blue v. State*, 2013 WL 3777146 (Del. July 15, 2013).

4