**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                                )
       v.                 )     ID Nos.  2106007748 &
                                )               2207010076
NA-ZER HAYMAN-COOPER,   )
            Defendant.  )

Submitted: March 6, 2024
Decided: June 3, 2024

**ORDER DENYING**
**RULE 35(a) AND 35(b) MOTIONS**

This 3rd day of June, 2024, upon consideration of the Defendant's

Motion for Correction of an Illegal Sentence (D.I. 48)[1], Motion for Sentence

Reduction (D.I. 43), the State's response to those motions (D.I. 50), and the

record in this matter, it appears to the Court that:

(1)     In September 2021, Na-Zer Hayman-Cooper was indicted for

multiple crimes in ID Nos. 2106007748 (which arose from a shooting in June

2021 that paralyzed the victim), 2106008755 (which arose from the theft of a

cell phone in May 2021), and 210600838 (which arose from the theft of a gun

in June 2021).  In August 2022, Mr. Hayman-Cooper was indicted for

tampering with a witness (the shooting victim in Cr. ID No. 2106007748) in

---

[1]  To avoid confusion, all docket references are to those made in Case ID No.
2106007748.

Criminal ID No. 2207010076.

(2)     On March 13, 2023, Mr. Hayman-Cooper resolved all of these cases by pleading guilty to first-degree assault and possession of a firearm during the commission of a felony (PFDCF) from ID No. 2106007748 and the witness tampering count from ID No. 2207010076.[2]  He did so in exchange for the State's dismissal of the remaining indicted counts from each of his then-pending cases.[3]

(3)     Mr. Hayman-Cooper's sentencing occurred on June 2, 2023, after a comprehensive presentence investigative (PSI) report was prepared.  In addition to those materials compiled in that PSI report, the parties filed their own supplemental sentencing memoranda.[4]

(4)     He was sentenced as follows:  (a) for Assault First Degree (IN21-07-1139)—25 years at supervision Level V suspended after 7 years for diminishing levels of supervision; (b) for PFDCF (IN21-07-1140)—25 years at supervision Level V suspended after 3 years for diminishing levels of supervision; and (c) for Tampering With a Witness (IN 22-03-2061)—6 months at supervision Level V to be served under the provisions of

---

[2]   Plea Agreement and TIS Guilty Plea Form, *State v. Na-Zer Hayman Cooper*, ID Nos. 2106007748 and 2207010076 (Del. Super. Ct. Mar. 13, 2023) (D.I. 35).

[3]   Plea Agreement, at 1.

[4]   D.I. 36 and 37.

11 *Del. C.* § 4204(k) with no probation to follow.[5]

(5)     Mr. Hayman-Cooper's 10½-year period of unsuspended imprisonment is comprised, in part, of two separate minimum terms of incarceration that must be imposed under a combination of Delaware's first-degree assault and PFDCF statutes; those two separate minimum terms total 5 years.[6] The remaining 5½ years the Court imposed as an exercise of its own sentencing judgment.

(6)     At the time of sentencing, the Court noted the aggravating and mitigating circumstances it found:

> To the extent this sentence might exceed any applicable SENTAC guidelines (including the application of 11 *Del. C.* sec. 4204(k)), the Court finds the following aggravating factors inform such departure: (1) the Defendant took affirmative steps to dissuade or prevent victim and witness cooperation in his prosecution; (2) the Defendant has demonstrated a lack of amenability to lesser sanctions and repeated lack of respect for the mandates of the courts; and (3) any lesser sentence would unduly depreciate the devastating and permanent physical injury and disability the Defendant inflicted on the victim, J--- S---.
>
> All that noted, the Court does also recognize the demonstrated and unaddressed mental health issues Mr. Hayman-Cooper obviously has and that no doubt are a product of his chaotic childhood and the deprivations then suffered.[7]

---

[5]    Sentencing Order, *State v. Na-zer Hayman-Cooper*, ID Nos. 2106007748 and 2207010076 (Del. Super. Ct. June 2, 2023) (D.I. 38).

[6]    *See* DEL. CODE ANN. tit. 11, §§ 613, 1447A, and 4205(b) (2020) (first-degree assault is is a class B violent felony carrying a statutory minimum of two years at Level V; PFDCF carries a statutory minimum of three years at Level V).

[7]    Sentencing Order, at 4; Sentencing Transcript, at 13-16 (D.I. 44) (the Court articulates

(7)     Mr. Hayman-Cooper, through counsel, docketed a timely direct appeal from his convictions and sentence.  His attorney later filed a no-merits brief under Supreme Court Rule 26(c) and Mr. Hayman-Cooper submitted points attacking the validity of both his plea and sentence for the Supreme Court's consideration on direct appeal.[8]   His convictions and sentence were ultimately affirmed.[9]

(8)     While his direct appeal was pending, Mr. Hayman-Cooper, acting *pro* se, filed the two present motions invoking Superior Court Criminal Rule 35.  He claims in one that his sentence is "illegal."[10]   In the other requests a discretionary reduction of his imprisonment.[11]  The State filed its consolidated response to those motions.[12]   Because of the then-pending

---

the applicable sentencing guidelines, these same aggravators and mitigators, and its reasons for application of or departure from certain of the guidelines). *See* DEL. CODE ANN. tit. 11, § 4204(n) (2020) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."); *see also White v. State*, 243 A.3d 381, 410-11 (Del. 2020) (identifying Delaware Supreme Court Administrative Directive No. 76 as another source for the requirement); *and id.* at 413-14 ("A Section 4204(k) sentence is treated as a departure from the presumptive guidelines.  Thus, the Superior Court has traditionally been reluctant to use § 4204(k) when imposing *any* sentence, and reserves that sanction for appropriate cases, such as ones in which the need for the protection of the public is predominate.") (cleaned up).

[8]   *Hayman-Cooper v. State*, 2024 WL 321570, at *1-2 (Del. Jan. 29, 2024).

[9]   *Id.*

[10]   D.I. 48.

[11]   D.I. 43.

[12]   D.I. 53.

appeal, the Court deferred decision on these motions[13] and granted Mr. Hayman-Cooper and the State leave to supplement their filings thereon after resolution of the direct appeal if they wished.[14]

### *Mr. Hayman-Cooper's Rule 35(a) Motion* (D.I. 48)

(9)    In Mr. Hayman-Cooper's view, his sentence is "illegal" and in need of correction because: (a) the Court purportedly considered "false statements" at his sentencing; and, (b) he believes the unsuspended seven-year term he received for his first-degree assault count exceeds the presumptive SENTAC sentencing guideline.[15]   According to him, the Court intended to stay within, but misconstrued, the applicable guideline for that offense.[16]

(10)   Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[17]  Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:   exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a

---

[13]   *See* Super. Ct. Crim. R. 35(b) ("The court may decide the motion or defer decision while an appeal is pending.").

[14]   D.I. 52.  Neither provided any supplemental information after appeal.  Instead, each side relies on the arguments and averments in their earlier submissions.  D.I. 56; D.I. 61.

[15]   D.I. 48.

[16]   *Id.*

[17]   Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

sentence that the judgment of conviction did not authorize.[18]  Mr. Hayman-Copper doesn't squarely assert any of those grounds; rather, his claims here are best understood to be that his sentence was imposed in an illegal manner.[19] The Court will consider such an application when, as here, it is filed within 90 days after imposition of sentence.[20]

(11)   Mr. Hayman-Cooper is simply incorrect on both the law and the facts he argues in his Rule 35(a) motion.  He was told as much when the Supreme Court addressed his points presented for consideration under its Rule 26(c)(iii):

> [Mr.] Hayman-Cooper argues that the sentencing judge relied on false information provided by the State to sentence him. . . . In requesting an unsuspended sentence of ten years of Level V incarceration, the State highlighted, among other things, that the shooting victim was unwilling to come to court because he had been threatened and did not feel safe.  Hayman-Cooper did not object to this statement at sentencing.  In now claiming that this statement was false, Hayman-Cooper ignores that he pleaded guilty to tampering with a witness in Cr. ID No. 2207010076 by knowingly intimidating a witness or victim and that the shooting victim was the

---

[18]   *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[19]   *See Bliss v. State*, 2017 WL 128091, at *1 (Del. Apr. 5, 2017) (one's claim that his sentence was based on false information "constitutes a claim that his sentence was imposed in an illegal manner"); *see also Walters v. State*, 2013 WL 4540040, at *1 (Del. Aug. 23, 2013) (explaining on appeal from the denial of a Rule 35(a) motion that sought correction of sentence: "The SENTAC guidelines, however, are only presumptive. There is no basis to challenge the legality of a sentence solely on the grounds that a sentence exceeds the SENTAC guidelines.").

[20]   Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may . . . correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.").

victim in question.

\* \* \*

First-degree assault is a class B felony with a statutory sentencing range of two to twenty-five years of Level V incarceration. Under the SENTAC guidelines, the presumptive sentence for first-degree assault is two to five years of Level V incarceration, which increases if the defendant has previous felonies.[21]

(12) "In Delaware, the trial court has broad discretion in determining which information to rely on in imposing a sentence, including information pertaining to the defendant's personal history and behavior, the presentencing report, and other sources."[22] At bottom, the Court must avoid relying on factual predicates that are demonstrably false or that lack minimum indicia of reliability.[23] Upon re-examination of the presentence materials mentioned earlier and Mr. Hayman-Cooper's own admissions to witness tampering, it is clear the averments and findings related to Mr. Hayman-Cooper's intimidation of the victim in an attempt to dissuade his cooperation are well-supported.

(13) And no doubt, because of his prior adjudication for the second-

---

[21] 2024 WL 321570, at \*2 (citations omitted).

[22] *Hickman v. State*, 2014 WL 4463142, at \*2 (Del. Sept. 10, 2014).

[23] *See Mayes v. State*, 604 A.2d 839, 843 (Del. 1992) ("[I]n reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability.").

degree robbery just months before this senseless shooting, the SENTAC presumptive sentence guideline for Mr. Hayman-Cooper's first-degree assault count was that articulated and applied by the Court—two to ten years of imprisonment.[24]

(14) There is no illegality in the substance of Mr. Hayman-Cooper's sentence. Nor was that sentence imposed in an illegal manner. So, he is due no relief under this Court's Criminal Rule 35(a) and that motion is **DENIED**.

### *Mr. Hayman-Cooper's Rule 35(b) Motion* (D.I. 43)

(15) Mr. Hayman-Cooper also docketed a motion under Superior Court Criminal Rule 35(b)[25] requesting reduction of his prison term for first-degree assault.[26]

(16) When considering motions for sentence reduction, "this Court

---

[24] SENTAC Benchbook 2023, at 34-35 available at https://cjc.delaware.gov/wp-content/uploads/sites/61/2022/12/Benchbook-2023-120122.pdf (providing that the SENTAC guideline for first-degree assault committed by one whose criminal history includes one prior violent felony is up to 10 years at Level V); *id.* at 24 (SENTAC Policy No. 3—"For the purposes of sentencing, only those offenses adjudicated at age 14 or older shall be counted in prior history."; SENTAC Policy No. 7—"When sentencing on multiple charges, prior criminal history should be considered only in determining the guideline for the "lead" or most serious offense. Sentences for other current charges shall be calculated based on zero criminal history.).

[25] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[26] Rule 35(b) Motion, at 10-11.

addresses any applicable procedural bars before turning to the merits."[27]  As Mr. Hayman-Cooper's motion is his first and is timely filed, the Court finds there are no procedural bars to the consideration of his request under Rule 35(b).

(17)  Historically, the purpose of Superior Court Criminal Rule 35(b) has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[28]  When an inmate files his motion for reduction of his incarcerative term within 90 days of his sentencing, the Court has broad discretion to decide whether to alter its judgment.[29]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[30]  Of course, as movant, Mr. Hayman-Cooper must shoulder the burden of establishing just cause for reduction of his otherwise legal sentence.[31]

---

[27]  *State v. Redden*, 111 A.3d 602, 6Lveel 06 (Del. Super. Ct. 2015).

[28]  *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[29]  *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment."); *State v. Williams*, 2015 WL 757551, at *2 (Del. Super. Ct. Feb. 18, 2015) ("Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.").

[30]  *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

[31]  *State v. Guseman,* 2021 WL 916220, at *3 (Del. Super. Ct. Mar. 10, 2021).

(18) The Court has examined Mr. Hayman-Cooper's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[32]

(19) As the primary bases for Rule 35(b) relief—outside the claims of his sentence's "illegality" already addressed[33]—Mr. Hayman-Cooper identifies: his remorse; family hardship; and his rehabilitative efforts.[34]

(20) The State opposes any reduction of Mr. Hayman-Cooper's Level V term.

(21) Through his sentence reduction motion, Mr. Hayman-Cooper asks that the Court reweigh the aggravating and mitigating circumstances he believes exist and then reduce his term of imprisonment. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of

---

[32] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[33] Here, Mr. Hayman-Cooper does add a complaint that any suggestion that he "demonstrated a lack of amenability to lesser sanctions and repeated lack of respect for the mandates of the courts" was false. Rule 35(b) Motion, at 3. Again, the sentencing materials that detail his juvenile adjudication and probation record, his behavior in the years leading to this tragic event, and his defiance of the no-contact orders imposed by this Court and earlier by Family Court belie this claim too.

[34] Rule 35(b) Motion, at 6-9.

which a proper and *timely* Rule 35(b) motion is made."[35]

(22)   By the time of sentencing, the Court had familiarized itself with Mr. Hayman-Cooper's full criminal and social history.  The mitigators he points to just don't outweigh the aggravating circumstances present in the case.  Those aggravators include the specifics of Mr. Hayman-Cooper's crimes—which involved the crippling of his victim and later direct attempts to intimidate that young man from cooperating in his prosecution.

(23)   That said, the Court has fully reviewed Mr. Hayman-Cooper's application, the record of his cases, his prior criminal and social history, the merits of the present motion, and all sentencing information available.  The Court carefully weighed the applicable aggravators and mitigators before imposing its sentence; a sentence that as a whole is well within the applicable statutory limits and presumptive guidelines.  The Court finds that when those and all other sentencing factors in Mr. Hayman-Cooper's case are reconsidered, they do not warrant a sentence reduction or modification here. Rather, after a thorough review of the merits of Mr. Hayman-Cooper's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(24)   Accordingly, the Court will exercise its discretion under Rule

---

[35]   *Remedio*, 108 A.3d at 331-32 (emphasis in original).

35(b)[36] and **DENY** Mr. Hayman-Cooper's prayer to reduce the cumulative 10½-year term of unsuspended imprisonment imposed.

**SO ORDERED this 3rd day of June, 2024.**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc: Mr. Na-Zer Hayman-Cooper, *pro se*
   Karin M. Volker, Deputy Attorney General
   Investigative Services Office

---

[36] *Hewett*, 2014 WL 5020251, at \*1; *Rondon v. State*, 2008 WL 187964, at \*1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").